**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANIEL CANALES, Administrator of
the estate of Rito Canales, ERNEST
CANALES; FRANK CORDOVA, as
Administrator of the estate of Antonio
Cordova,

       Plaintiffs - Appellants,

   v.

WAYNE LARSEN; R. POLO; B.
SALAZAR; L. URIOSTE; T.
DRENNAN; R. McNUTT; A.
BRIGGS; SANTOS BACA; TRUMAN
WOODS; CITY OF ALBUQUERQUE;
COUNTY OF BERNALILLO; STATE
OF NEW MEXICO,

       Defendants - Appellees.

No. 00-2164
(D. Ct. No. CIV-99-1259-JC/RLP)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **LUCERO**, Circuit Judge, and **BROWN**, District
Judge.[†]

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[†]The Honorable Wesley E. Brown, Senior District Judge for the District of
Kansas, sitting by designation.

The administrators of the estates of Rito Canales and Antonio Cordova appeal the district court's denial of relief from judgment and its dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

In 1972, Rito Canales and Antonio Cordova were killed by police while attempting to steal dynamite from a construction site near Albuquerque, New Mexico.

The mother of Antonio Cordova sued the defendants in state court. Tim Chapa's deposition was taken, but he denied being a police informer or having any knowledge of a conspiracy or of what happened at the construction site. The defendants filed a motion for summary judgment. In sworn affidavits in support of this motion, the individual defendants stated that the police officers had responded to a tip from an anonymous source who informed them of the planned dynamite robbery, that they observed Canales and Cordova attempting to steal dynamite at the construction site, that police officers attempted to apprehend the two men, and that Canales and Cordova were killed after firing at the police officers. The City of Albuquerque also indicated in its response to interrogatories that police had responded to an anonymous tip. The defendants further denied

having familiarity with Tim Chapa. The trial court granted the defendants'

motion for summary judgment. The New Mexico Court of Appeals affirmed.

Cordova v. City of Albuquerque, 526 P.2d 1290 (N.M. Ct. App. 1974).

Daniel Canales, Rito Canales' brother, sued the defendants in federal

district court, alleging a conspiracy to kill Rito Canales. The defendants denied

the existence of any conspiracy, denied the participation of Tim Chapa, and

provided essentially the same testimony as contained in their affidavits filed in

state court. The jury returned a verdict for the defendants.

In 1996, Tim Chapa changed his story. He gave a videotaped statement

detailing the existence of a conspiracy, his involvement, and the involvement of

the defendants. He claims that police officers asked him to infiltrate an

organization called the Black Berets, an activist Chicano rights organization to

which Canales and Cordova belonged. After infiltrating this group, he claims that

he worked with police to devise a plan whereby members of the Black Berets

would be killed while attempting to steal dynamite. He claims that he

accompanied Canales and Cordova on their fatal attempt to steal dynamite, that

police were waiting at the construction site with the intent of killing Canales and

Cordova, and that only Cordova was armed. He further claims that the day after

Canales and Cordova were killed, police officers threatened to kill him if he ever

spoke about what really happened.

Plaintiffs filed a complaint in district court on November 1, 1999, alleging fraud on the court and seeking relief from the judgments in both cases. The district court granted the defendants' motion for dismissal, finding that the plaintiffs had failed to allege facts sufficient to support a claim of fraud on the court.

## II. Discussion

We review de novo the district court's dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Sutton v. Utah State Sch. for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). We must take as true and view in the light most favorable to appellants all factual allegations contained in appellants' complaint. Id.

We review a district court's decision to deny relief from judgment on the basis of fraud on the court for abuse of discretion. Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1267 (10th Cir. 1995). We also review a district court's decision to deny relief from judgment on the basis of an independent action for abuse of discretion. Zimmerman v. First Fed. Sav. & Loan Assoc., 848 F.2d 1047, 1053 (10th Cir. 1988). For substantially the same reasons given by the district court, we agree that the plaintiffs failed to allege facts sufficient to support either a claim of fraud on the court or an independent action.

Therefore, we find no abuse of discretion in the district court's denial of relief from the two prior judgments.  And, consequently, we find that the district court's dismissal of the plaintiffs' claim was appropriate.  Accordingly, the district court's order of dismissal is AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Judge